UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MCKISSOCK, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-1314 (CEJ) |
| KAREN TRACY MARTIN, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* to determine whether subject matter jurisdiction exists. See 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Gonzalez v. Thaler, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")

### I. **Background**

Plaintiff McKissock, LLC, filed this action in the Circuit Court of St. Louis County, on July 21, 2016, alleging that its former employee Karen Tracy Martin had gone to work for a direct competitor in violation of a noncompetition agreement and, furthermore, had retained plaintiff's confidential information and trade secrets, data, and a laptop and other equipment. On August 1, 2016, the Circuit Court granted plaintiff's motion for a temporary restraining order, to remain in effect until August 16, 2016, when the matter was set for hearing on plaintiff's motion for a

preliminary injunction. The Court also granted plaintiff's motion for expedited discovery. Plaintiff served notice of video deposition of defendant for August 12, 2016.

On August 11, 2016, defendant removed the matter to this Court, invoking jurisdiction based solely on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). According to the notice of removal, defendant is a citizen of Texas, and plaintiff "is a Delaware limited liability company with its principal place of business in Missouri." The identities and citizenship of all of plaintiff's members are not alleged in the notice of removal or complaint.

**II.   Discussion**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

For purposes of diversity jurisdiction, "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1014 (2016). The Supreme Court has held: "So long as such an entity is unincorporated, we apply our oft-repeated rule that it possesses the citizenship of all its members." Id. at 1016 (quotation marks and citation omitted). Limited liability corporations are subject to

2

that rule; they are citizens of each state of which any of their members are citizens. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Consequently, alleging the citizenship of each limited liability corporation's members is a prerequisite to establishing subject matter jurisdiction based on diversity. See id. Because the complaint and the notice of removal do not allege the identities and citizenship of each member of McKissock, LLC, the Court lacks subject matter jurisdiction, and this action must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2016.